CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

2016 FEB 11  AM 11: 16

DEPUTY CLERK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO: 1:09-CR-00061-P-BL-1** |
| | § | |
| | § | |
| **JOAQUIN ETHAN GARZA** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This Report and Recommendation is submitted to the United States district judge pursuant

to 28 U.S.C. §636(b) and the referral Order dated December 10, 2015 (Doc. 56), addressing the

motion to revoke **JOAQUIN ETHAN GARZA**'s term of supervised release.

## I.    PROCEDURAL BACKGROUND

### A.    Original Conviction

On March 4, 2010, **JOAQUIN ETHAN GARZA** (hereafter "Defendant") pleaded guilty

to Count One of a superseding indictment charging Possession of an Unregistered Firearm, 26

U.S.C. § 5861(d) and 5871. (Doc. 26). On May 21, 2010, Defendant was sentenced to 70 months

custody, to be followed by a 3-year term of supervised release. (Doc. 36.). Supervision

commenced on August 28, 2015. (Doc. 41).

On January 1, 2015, jurisdiction was transferred from Senior U.S. District Judge Sam R.

Cummings to Chief U.S. District Judge Jorge A. Solis, with a docket entry reflecting same on

November 18, 2015.

On November 13, 2015, a Petition for Offender under Supervision was prepared by the United States Probation Office, (Doc. 41), requesting a violator's warrant for Defendant's arrest after violation of the conditions discussed below. The District Judge ordered the issuance of a warrant on November 18, 2015. (*id.*).

### B.     Current Revocation Proceedings

#### 1)     Procedural History

Before the Court is the Government's Motion to Revoke Supervised Release dated November 23, 2015, (Doc. 45), requesting revocation of Defendant's term of supervised release and that Defendant be ordered to serve a sentence as determined by the Court. This Motion followed the Petition of the United States Probation Office, (Doc. 41), discussed above.

Defendant appeared before the undersigned magistrate judge on November 24, 2015, for an initial appearance. (Doc. 46). A detention hearing and preliminary revocation hearing were scheduled for December 3, 2015, but were waived by Defense Counsel. (Doc. 53). Subsequently, an Order of Detention and Finding Probable Cause was entered by the magistrate judge on December 3, 2015. (Doc. 54).

#### 2)     Violation Allegations

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release, specifically[1]:

**<u>Violation of Mandatory Condition</u>**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

---

[1] Alleged violations taken from Petition for Offender under Supervision dated November 18, 2015.

2

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Violation of Special Condition No. 1**

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10.00 per month.

**Nature of Noncompliance**

Joaquin Ethan Garza violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about August, September, and October 2015. On August 28, 2015, Mr. Garza submitted a urine specimen to the U.S. Probation and Pretrial Services Office, Lubbock, Texas, that tested positive for methamphetamine. Furthermore, on September 3, 2015, Mr. Garza admitted verbally and in writing to U.S. Probation Officer Corina Rasura (USPO Rasura) that he used methamphetamine on August 24 and 29, 2015. On September 3, 2015, Mr. Garza submitted a urine specimen to the U.S. Probation and Pretrial Services Office, Lubbock, Texas, that tested positive for methamphetamine. On October 9 and 17, 2015, Mr. Garza submitted urine specimens to the contracted provider, Texas Tech University Health Sciences Center, Southwest Institute for Addictive Diseases (TTUHSC/SWIAD), Lubbock, Texas, that tested positive for methamphetamine. Furthermore, on November 2, 2015, Mr. Garza admitted verbally and in writing to USPO Rasura that he used methamphetamine on August 25, September 5, October 6, October 13, October 25, and October 31, 2015. On November 2, 2015, Mr. Garza submitted a urine specimen to the U.S. Probation and Pretrial Services Office, Lubbock, Texas, that tested positive for methamphetamine.

Joaquin Ethan Garza violated these conditions of supervised release by using and possessing cocaine, an illegal controlled substance, in or about October 2015. On October 27, 2015, Mr. Garza submitted a urine specimen to the U.S. Probation and Pretrial Services Office, Lubbock, Texas, that tested positive for cocaine. Furthermore, on November 6, 2015, Mr. Garza admitted verbally and in writing to USPO Rasura that he used a "speed pill" on October 25, 2015.

Joaquin Ethan Garza violated these conditions of supervised release by failing to report to TTUHSC/SWIAD for a surprise urine collection on September 28, 2015.

Joaquin Ethan Garza violated these conditions of supervised release by failing to report to TTUHSC/SWIAD for group therapy on October 6, 2015.

Joaquin Ethan Garza violated these conditions of supervised release by failing to report to TTUHSC/SWIAD for individual therapy on October 26, 2015.

3

**Violation of Standard Condition No. 2**

The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

**Nature of Noncompliance**

Joaquin Ethan Garza violated this condition of supervised release by failing to submit his monthly reports in September, October, and November, 2015.

Joaquin Ethan Garza violated this condition of supervised release when he failed to report to the U.S. Probation and Pretrial Services Office for a urine collection on September 29, 2015, as instructed.

**Violation of Standard Condition No. 5**

The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

**Nature of Noncompliance**

Joaquin Ethan Garza violated this condition of supervised release in that he was fired from Llano Logistics on September 5, 2015, for job abandonment.

**Violation of Standard Condition No. 9**

The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

**Nature of Noncompliance**

Joaquin Ethan Garza violated this condition of supervised release by associating and residing with another federal offender, Madelyn Diaz, Case No. 3:13-CR-00629-2, Western District of Texas, El Paso Division, convicted of Conspiracy to Import Marijuana More Than 50 Kilograms, without requesting permission from U.S. Probation Officers Corina Rasura and/or Teresa Perez.

3)      **Revocation Hearing**

A Final Hearing on the Motion to Revoke Supervised Release was held on January 21, 2016, before the magistrate judge. Defendant was represented by Charles Scarborough; the United

4

States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded.

Upon call of the matter, Defendant was placed under oath. The undersigned read the allegations contained in the Government's Motion to Revoke, after which Defendant indicated that he understood the allegations. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. Defendant acknowledged his understanding and entered a plea of true to the allegations contained in Section I.B(2) above, specifically: the Mandatory Condition that Defendant refrain from any unlawful use of a controlled substance and submit to drug testing as directed by the probation officer; Standard Condition Nos. 7, 2, 5 and 9; and Special Condition No. 1.

Defendant consented orally and in writing to allocution before the magistrate judge (Doc.60). He apologized for his conduct, stating that he had been in self-denial, but now realizes he is an addict. Defendant testified that he will become a father in May, and understands that his actions no longer affect only him, but his family as well. He requested leniency in his sentence.

Defense Counsel echoed the sentiments of Defendant, stated that Defendant was committed to addressing his drug problem, and requested consideration for a sentence at the low end of the guideline range. Defense Counsel also opined that additional supervised release would not be beneficial to Defendant. The attorney for the government declined to comment.

## II.     FINDINGS OF THE COURT

      i.    The Defendant pled true to the allegations that he violated conditions of his supervised release as contained in the Government's Motion to Revoke, and set forth in Section I.B(2) above, specifically the Mandatory Condition that Defendant

refrain from any unlawful use of a controlled substance and submit to drug testing as directed by the probation officer; Standard Condition Nos. 7, 2, 5 and 9; and Special Condition No. 1.

ii.   The Defendant was competent to make the decision to plead true to the allegations;

iii.   The Defendant had both a factual and rational understanding of the proceedings against him;

iv.   The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea;

v.   The Defendant was sane and mentally competent to stand trial for these proceedings and to assist his attorney in the preparation and conduct of his defense;

vi.   The Defendant received a copy of the Government's Motion to Revoke, either read or had it read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him;

vii.   A preliminary revocation hearing was terminated based upon the waiver of Defendant to contest probable cause as to the alleged violations. An Order of Detention and Finding Probable Cause was subsequently entered by the magistrate judge;

viii.   At the final revocation hearing, Defendant understood all of his statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations listed in subsection I.B(2) above; and

ix.   The Defendant violated conditions of his supervised release.

## III.   SENTENCING

### A.   FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

6

i.    The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

ii.   The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[2];

iii.  The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

iv.   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and

v.    The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

## B.    STATUTORY AND GUIDELINE PROVISIONS

The classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of three to nine months imprisonment, based upon Defendant's criminal history category of I and the admitted Grade C violations. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's

---

[2] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *U.S. v. Tapia*, 131 S.Ct. 2382 (2011).

admitted violations of using and possessing a controlled substance, refusal to comply with drug testing, and more than three positive drug tests over the course of one year. *See* 18 U.S.C. § 3583(g)(1), (3), and (4).[3]

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); s*ee also U.S. v. Jackson*, 559 F.3d 368 (5th Cir. 2009). Accordingly, Defendant is subject to a term of supervised release of three (3) years, less any term of imprisonment imposed upon revocation of his current supervised release.

## IV.    ANALYSIS AND RECOMMENDATION

Defendant began his term of supervised release on August 28, 2015, in the Northern District of Texas, Lubbock Division. Defendant had no family in Lubbock, Texas, but he had secured an apartment and found a good job with Llano Logistics, Lubbock, Texas. He was originally referred to TTUHSC/SWIAD, Lubbock, Texas, for a substance abuse disorder intake assessment but within a few days, his very first urine specimen returned positive for methamphetamine. Therefore, on September 3, 2015, he was referred for individual and group counseling, as well as, random urine collections. On September 29, 2015, the probation officer

---

[3] *See*, however, the exception contained in § 3583(d): "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(d). Although Defendant failed drug tests, he is also charged with, and admitted, using and possessing a controlled substance and refusing to comply with drug testing.

learned that Defendant had been fired by Llano Logistics effective September 5, 2015. Defendant did not find other employment and continued to violate his conditions of supervised release. Given that Defendant: did not complete even one year of supervised release before he began using methamphetamine and cocaine; that he was offered counseling and refused to comply; that he violated multiple conditions of his supervised release; did not reintegrate into society; and did not adhere to a crime-free lifestyle, it is the opinion of the undersigned that supervised release is appropriate in this case.

## V.     CONCLUSION

Upon consideration of the foregoing, the magistrate judge **RECOMMENDS:**

i.      that Defendant **be found to have violated** the conditions of his supervised release as set forth in Section I.B(2) above, specifically: the Mandatory Condition that Defendant refrain from any unlawful use of a controlled substance and submit to drug testing as directed by the probation officer; Standard Condition Nos. 7, 2, 5 and 9; and Special Condition No. 1;

ii.     that his supervised release **be REVOKED;**

iii.    that he **be SENTENCED to the custody of the Attorney General for a period of nine (9) months**; and

iv.     that **an additional twenty-seven (27) month term of supervised release be imposed,** with the following conditions:

Mandatory Conditions:

1.      The defendant must report to the probation office in the district to which he is released within 72 hours of release from the custody of the Bureau of Prisons.

2.      The defendant shall not commit another federal, state, or local crime.

3.      The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the Court.

4.      The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5.      The defendant shall also comply with the standard conditions recommended by the U.S. Sentencing Commission and shall comply with the following additional conditions:

Additional Conditions:

1.      The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25.00 per month.

2.      The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision.

## NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or

10

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 11th day of February, 2016.


E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

11